NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 17 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BRIAN CLAROS-BEY,<br><br>          Petitioner-Appellant,<br><br>  v.<br><br>J. T. SHARTLE,<br><br>          Respondent-Appellee. | No. 16-16872<br><br>D.C. No. 4:15-cv-00501-BGM<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Bruce G. Macdonald, Magistrate Judge, Presiding[**]

Submitted July 11, 2017[***]

Before:     CANBY, KOZINSKI, and HAWKINS, Circuit Judges.

Brian Claros-Bey appeals pro se from the district court's order denying his

28 U.S.C. § 2241 habeas corpus petition.  We review the denial of a section 2241

petition de novo, *see United States v. Lemoine,* 546 F.3d 1042, 1046 (9th Cir.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The parties consented to proceed before a magistrate judge.

[***]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

2008), and we affirm.

Claros-Bey was convicted in the Superior Court of the District of Columbia. He was assessed $500 pursuant to the Victims of Violent Crime Compensation Act of 1996 ("VVCCA") and designated to serve his custodial sentence with United States Bureau of Prisons ("BOP"). Claros-Bey contends that the BOP lacks authority to collect, through its Inmate Financial Responsibility Program ("IFRP"), the $500 VVCCA assessment. This claim is belied by the language of the applicable statutes and regulations. Regardless of how the VVCA assessment is categorized under 28 C.F.R. § 545.11(a), the BOP is authorized to collect Claros-Bey's VVCCA assessment from wages earned during his period of incarceration. *See* D.C. Code § 24-101(a) (any person incarcerated pursuant to the District of Columbia Official Code is in BOP custody and subject to BOP regulations); *id*. at § 4-516(a) (assessments made pursuant to the VVCCA shall be paid from wages subsequently earned, including "in a facility of the Department of Corrections or elsewhere"). Moreover, contrary to Claros-Bey's contention, his participation in the IFRP is voluntary and "does not implicate [his] constitutional rights." *See Lemoine*, 546 F.3d at 1049.

**AFFIRMED.**

16-16872